1

2

3

4

5             **UNITED STATES DISTRICT COURT**

6             **EASTERN DISTRICT OF CALIFORNIA**

7

8   **ANTHONY PHOTOPOULOS,**              **CASE NO.  1:10-CR-0338 AWI**
                                          **(Civil Case No. 1:16-CV-0873 AWI)**
9             **Petitioner,**

10      **v.**                            **ORDER CLOSING CASE AND**
                                          **DENYING PETITION AS MOOT IN**
11  **UNITED STATES OF AMERICA,**         **LIGHT OF VOLUNTARY DISMISSAL**

12            **Respondent.**
                                          (Doc. Nos. 29, 35)
13

14

15

16          This is a petition for relief from sentence under 28 U.S.C. § 2255.  The petition is based on

17  *Johnson v. United States*, 135 S.Ct. 2551 (2015)'s potential application to Sentencing Guideline

18  4B1.2(a).  <u>See</u> Doc. No. 29.  The Court had stayed this matter pending resolution by the Ninth

    Circuit of certain cases that were relevant to the petition.  <u>See</u> Doc. No. 31.
19
             On March 6, 2017, the Supreme Court issued its decision in *Beckles* and held that the
20
    advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process
21
    Clause.  <u>Beckles v. United States</u>, 197 L.Ed. 2d 145 (2017).
22
             On March 8, 2017, the Court lifted the stay in this matter and granted Petitioner 30 days in
23
    which to respond to *Beckles*.  <u>See</u> Doc. No. 34.
24
             On March 24, 2017, Petitioner filed a notice of voluntary dismissal pursuant to Federal
25
    Rule of Civil Procedure 41(a)(1)(A)(i).  <u>See</u> Doc. No. 35.
26
             Courts have applied Rule 41(a) to proceedings under § 2255.  <u>See</u> <u>Jackson v. United</u>
27
28  <u>States</u>, 245 F. App'x 258, 259-60 (4th Cir. 2007); <u>United States v. Jones</u>, 2010 U.S. Dist. LEXIS

68593, *1-*4 (E.D. Mich. June 21, 2010); see also Ford v. United States, 2016 U.S. Dist. LEXIS 115055, *8-*9 (C.D. Cal. Aug. 26, 2016) (providing petitioner with the option of dismissal under Rule 41(a)); Ray v. Davis, 2015 U.S. Dist. LEXIS 139296, *2-*3 (E.D. Cal. Oct. 13, 2015) (applying Rule 41(a) in a petition under 28 U.S.C. § 2254).  A properly filed Rule 41(a)(1) dismissal is a self-executing order and automatically terminates the case.  See Fed. R. Civ. P. 41(a)(1); Duke Energy Trading & Mktg., LLC v. Davis, 267 F.3d 1042, 1048-49 (9th Cir. 2001); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Here, there has been no response filed by the government in this matter.  Therefore, because Petitioner has filed a properly signed notice of voluntary dismissal, this matter has terminated.  See Fed. R. Civ. P. 41(a)(1)(A)(i); Jackson, 245 Fed. Appex. at 259-60; Duke Energy, 267 F.3d at 1048-49; Commercial Space, 193 F.3d at 1077-78.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk shall CLOSE this matter in light of Petitioner's Rule 41(a)(1) voluntary dismissal; and

2.      For administrative purposes, Petitioner's 28 U.S.C. § 2255 petition to vacate (Doc. No. 29) is DENIED as moot in light of Petitioner's voluntary dismissal.

IT IS SO ORDERED.

Dated:   March 27, 2017      _____

                              SENIOR  DISTRICT  JUDGE